## FRANK POTTS v. STATE.

No. A-5083. Opinion Filed June 2, 1925.
Rehearing Denied Sept. 19, 1925.
(238 Pac. 968.)

F. W. Church, for plaintiff in error.

George F. Short, Atty. Gen., and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J. This is an appeal from a judgment of conviction rendered on the verdict of a jury finding the defendant, Frank Potts, guilty of unlawful possession of intoxicating liquor, and fixing his punishment at 30 days in jail and $200 fine.

The undisputed facts are that the sheriff and four deputies, under authority of a search warrant, visited the defendant's drug store in the town of Picher, for the purpose of searching for intoxicating liquors, and in a warehouse back of the drug store they found a 5-gallon can of grain alcohol. The officers took a sample of the alcohol to a chemist for analysis, and it was found to be grain alcohol, and did not contain any other ingredients except a slight trace of acetone; the chemist testified that all grain alcohol contained a slight trace of acetone.

The defense was that the defendant had purchased the alcohol two or three years before, and had bought it for the purpose of selling it to the hospital to be used for medicinal purposes and for sterilizing instruments, and that he did not know that it was pure grain alcohol, but thought it was wood alcohol.

Several assignments of error are directed to the admission of evidence. We have carefully examined them, and find no error in the rulings of the court in this regard.

Several assignments of error are directed to the giving of certain instructions and the court's refusal to give requested instructions.

The instructions excepted to and those requested are lengthy, and we think it unnecessary to burden this opinion with a quotation of them. A discussion of them would not be of value as a precedent or as a guide in future cases.

The instructions given fully presented the entire law of the case and the defendant, from all that the record discloses, had a fair trial.

The judgment of the lower court is accordingly affirmed.

BESSEY, P. J., and EDWARDS, J., concur.